IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEHNAM BAGHERI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-1269-D |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

This is a first-party insurance coverage action by plaintiff Behnam Bagheri

("Bagheri") alleging a claim for breach of a homeowners insurance policy and extra-

contractual claims in connection with damage to his residence caused by a large falling tree.

Defendant State Farm Lloyds ("State Farm") moves for summary judgment, contending that

Bagheri's breach of contract claim must be dismissed because he has not provided the jury

a reasonable basis to segregate damage attributable solely to the covered event, as Texas law

requires, and that he has failed to produce evidence of actions by State Farm that, absent a

breach of contract, are sufficiently extreme to enable a reasonable jury to find in his favor

on his extra-contractual claims.  For the reasons explained, the court grants State Farm's

motion and dismisses this action with prejudice.

I

Bagheri, a homeowner and State Farm policyholder, filed a claim in 2020 after his residence was damaged by a large falling tree.[1]  State Farm inspected the residence and issued a payment that Bagheri deemed insufficient.  Bagheri retained a public adjuster to prepare another estimate and requested that State Farm perform a second inspection.  During the second inspection, State Farm determined that some of Bagheri's claimed damage originated from a 2015 incident in which limbs from the same tree fell and damaged the same part of the house that Bagheri claimed was damaged in 2020.  In 2015 Bagheri was insured by Farmers Texas County Mutual Insurance Company ("Farmers") and filed an insurance claim, which Farmers paid, for the damage caused to his residence by the fallen tree limbs.

State Farm filed the instant summary judgment motion, contending that Bagheri's breach of contract claim must be dismissed because he has not introduced sufficient evidence for a jury to reasonably segregate damage attributable solely to the covered event, i.e., to segregate between covered damages from the 2020 incident and non-covered damages from the 2015 incident.  State Farm posits that Bagheri's extra-contractual claims fail for lack of evidence of extreme conduct on the part of State Farm that, absent a breach of the homeowners insurance policy, is sufficient to support the claims.  Bagheri opposes the motion.  The court has heard oral argument.

---

[1] The court recounts the evidence in the light most favorable to Bagheri, as the summary judgment nonmovant, and draws all reasonable inferences in his favor. *See, e.g.*, *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000).

II

Where, as here, a party moves for summary judgment on claims on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond its pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

III

State Farm maintains that it is entitled to summary judgment on Bagheri's breach of contract claim because he has failed to introduce admissible evidence that would enable a reasonable jury to segregate between covered and non-covered damages, as Texas law requires.

"Because an insured can only recover for covered events, the burden of segregating the damage attributable solely to the covered event is a coverage issue for which the insured

carries the burden of proof." *One Way Invs., Inc. v. Century Sur. Co.*, 2016 WL 5122124, at *2 (N.D. Tex. Sept. 21, 2016) (Fitzwater, J.) (citing *Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 303 (Tex. App. 1999, pet. denied)).  "It is essential that the insured produce evidence which will afford a reasonable basis for estimating the amount of damage or the proportionate part of damage caused by a risk covered by the insurance policy." *Id.* (quoting *Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971)).

Here, there is no evidence in the summary judgment record that would enable a jury to reasonably determine the damage that originated from the 2020 incident and the damage that preexisted Bagheri's policy with State Farm (including from the 2015 incident). Tellingly, Bagheri's designated causation expert, Peter de la Mora, a professional engineer, testified that he *was unaware* of the 2015 incident and claim at the time he prepared his expert report and therefore did not distinguish between damage from the 2020 incident and damage from the 2015 incident.  Bagheri himself did not testify in his deposition about the cost of repairs from the 2015 incident.  And although Bagheri produced an invoice from Roosevelt L. White Gleaming Floors, LLC ("Gleaming Floors") that relates to the repairs to Bagheri's residence after the 2015 incident, this invoice was untimely produced and is inadmissable under Fed. R. Civ. P. 37(c) because the failure to timely produce was not substantially justified and is not harmless.[2]

---

[2]State Farm moves to strike the Gleaming Floors invoice.  The court declines to strike the invoice, but it will not consider the invoice when ruling on State Farm's summary judgment motion.  And even if the court were to consider the invoice, it would still conclude that Bagheri has failed to meet his burden of proof.

At oral argument, Bagheri's counsel appeared to maintain that Bagheri could avoid summary judgment provided he could introduce the necessary evidence by the time of trial. The court disagrees. State Farm's entitlement to summary judgment can be based on the state of the record at the time its motion is decided. *See* Rule 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (3) grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it . . . .").

Accordingly, because Bagheri has not introduced admissible evidence that would provide the jury a reasonable basis to segregate damage attributable solely to the covered incident, i.e., to segregate between covered and non-covered damages, State Farm is entitled to summary judgment dismissing his breach of contract claim.

IV

Generally, "an insured cannot recover policy benefits as actual damages for an insurer's statutory violation if the insured has no right to those benefits under the policy." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 134 (Tex. 2019) (quoting *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495 (Tex. 2018)). The Supreme Court of Texas has approved two exceptions to this general rule: an insured can recover damages under the Insurance Code, absent a contractual right to policy benefits, when (1) "the insurer's statutory violation caused the insured to lose that contractual right"; or (2) "if an insurer's statutory violation causes an injury independent of the loss of policy benefits." *Menchaca*, 545 S.W.3d at 489.

But "an insured cannot recover *any* damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits." *Id.*

Bagheri alleges multiple violations of Chapter 541 of the Texas Insurance Code and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") based on the allegedly bad faith actions of State Farm.[3]

---

[3]Bagheri alleges that State Farm violated § 541.051 of the Texas Insurance Code by making statements misrepresenting the terms and/or benefits of the policy.

Bagheri alleges that State Farm violated § 541.060 of the Texas Insurance Code by: (1) misrepresenting to plaintiff a material fact or policy provision relating to coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear; (3) failing to promptly provide to plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; (4) failing within a reasonable time to affirm or deny coverage of a claim to plaintiff or submit a reservation of rights to plaintiff; and (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

Bagheri alleges that State Farm violated § 541.061 of the Texas Insurance Code by: (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose a matter required by law to be disclosed.

Finally, Bagheri alleges that State Farm violated the DTPA by: (1) representing that the agreement conferred or involved rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; (2) failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; and (3) by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaging in an unconscionable action or course of action as prohibited by § 17.50(a)(1)(3) of the DTPA in that defendant took advantage of plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in

Many of Bagheri's extra-contractual claims hinge on State Farm's failure to issue payment on the claim, and therefore do not survive the grant of summary judgment on Bagheri's breach of contract claim. But Bagheri argues that some claims can be maintained independently of the breach of contract claim based on the allegedly substandard inspection by State Farm, the State Farm adjuster's failure to inspect the property himself in person, and the adjuster's disregard of the pack-in and pack-out services suggested by State Farm's own expert. It is clear, however, that, to the extent Bagheri may have been entitled to contractual benefits in excess of what State Farm had already paid, he lost these benefits—not because of any statutory violation by State Farm—but because of his failure to segregate between covered and non-covered damages. Additionally, Bagheri has failed to point to any evidence of an injury independent of his alleged right to benefits under the policy.

Therefore, Bagheri has not satisfied any exception to the general rule that a policyholder cannot recover actual damages based on statutory violations absent a finding that he had a contractual right to benefits under the policy, and his extra-contractual claims must be dismissed.

---

violation of Chapter 541 of the Texas Insurance Code.

\*   \*   \*

For the reasons stated, the court grants State Farm's motion for summary judgment

and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

November 15, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE